# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

FREDERICK CONNORS,

        Plaintiff,

vs.

FRONTIERLAND COMMUNICATIONS, *et al.*,

        Defendants.

Case No. 2:12-cv-00319-LDG-CWH

**ORDER**

This matter is before the Court on Plaintiff's Motion to Proceed In Forma Pauperis (#1). Plaintiff Frederick Connors, proceeding in this action *pro se*, has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis* and submitted a Complaint (#1) on February 28, 2012. This matter is also before the Court on Plaintiff's Motion for Appointment of Counsel (#11), filed June 8, 2012.

**1. Plaintiff's Motion to Proceed In Forma Pauperis (#1)**

    **I.**    *In Forma Pauperis* **Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's complaint.

    **II.**    **Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the

1  complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70
2  F.3d 1103, 1106 (9th Cir. 1995).

3  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint
4  for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is
5  essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d
6  719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of
7  the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v.*
8  *Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual
9  allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the
10 elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v.*
11 *Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations
12 contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*,
13 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory
14 allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not
15 crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550
16 U.S. at 570.

17  **A.   Federal Question Jurisdiction**

18  Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over "all civil
19 actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises
20 under' federal law either where federal law creates the cause of action or 'where the vindication of
21 a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party*
22 *of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v.*
23 *Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983)). The presence or absence of
24 federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v.*
25 *Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal jurisdiction
26 exists only when a federal question is presented on the face of the plaintiff's properly pleaded
27 complaint." *Id.* Here, Plaintiff has not adequately alleged a violation of the Constitution, laws, or
28 treaties of the United States. He simply declares that his privacy rights have been violated without

any reference to any specific federal law.  Therefore, the Court finds that Plaintiff has not demonstrated that this court has subject matter jurisdiction based on a federal question.

### B. Diversity Jurisdiction

Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states."  To establish subject matter jurisdiction based on diversity of citizenship, the party asserting jurisdiction must show complete diversity of citizenship among opposing parties.  28 U.S.C. 1332(a).  "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). According to Plaintiff's complaint, he is a citizen of Nevada.  Plaintiff names the State of Nevada and Nevada Energy as defendants.  Thus, the Court finds that Plaintiff cannot demonstrate complete diversity of citizenship and, therefore, this court does not have subject matter jurisdiction based on diversity.

### C. Failure to State a Claim

Even assuming federal question jurisdiction, the Court finds that Plaintiff has failed to state a plausible claim for relief.  Plaintiff simply states, without reference to any law, that his civil rights have been violated due to an "invasion of privacy."  The facts identified in support of Plaintiff's claim are: "Imaging (United States Senate) and Stalking-Harassment (United States Congress); being addressed."  *See* Pl.'s Compl. (#1) at p. 5.  To state a claim for relief, "a complaint must contain sufficient factual matter to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678-79.  Because Plaintiff has not provided any factual support for his claims, the complaint must be dismissed.  The dismissal will be without prejudice to Plaintiff amending his complaint to include sufficient factual allegations to support his claims.

**2. Plaintiff's Motion for Appointment of Counsel (#11)**

Plaintiff also seeks an order appointing counsel.  A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In very limited circumstances, federal courts are empowered to request an attorney to

represent an indigent civil litigant. The circumstances in which a court will make such a request, however, are exceedingly rare, and the court will make the request under only extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986).

A finding of such exceptional circumstances requires that the court evaluate both the likelihood of success on the merits and the plaintiff's ability to articulate his claims in *pro se* in light of the complexity of the legal issues involved. Neither factor is dispositive, and both must be viewed together in making a finding. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (citing *Wilborn, supra*, 789 F.2d at 1331). The district court has considerable discretion in making these findings. The court will not enter an order directing the appointment of counsel.

The Court has reviewed this motion and all prior filing in this case and finds that Plaintiff's request is premature.  Plaintiff must submit an amended complaint addressing the deficiencies set forth by the Court in order to allow for an adequate analysis of the likelihood of success or Plaintiff's ability to articulate his claims.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed *in forma pauperis* is **granted**.  Plaintiff shall not be required to pay the filing fee of three hundred fifty dollars ($350.00). Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor.  This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file Plaintiff's Complaint.

**IT IS FURTHER ORDERED** that the Complaint is **dismissed without prejudice** for failure to state a claim upon which relief can be granted, with leave to amend.  Plaintiff will have **thirty (30)** days from the date that this Order is entered to file an amended complaint correcting the noted deficiencies.   Failure to comply with this Order may result in the Court recommending that this action be dismissed.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (#11) is

**denied without prejudice**.

DATED this 10th day of August, 2012.

_____
**C.W. Hoffman, Jr.
United States Magistrate Judge**